
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-50479 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00567-PA |
| v. | |
| CAMILLO ANDRES RUIZ-DIAZ, a.k.a. Brian Steve Chaparro, a.k.a. Colombiano, a.k.a. Jimmy Correa, a.k.a. Camilo Andres Ruiz Diaz, a.k.a. Juan Carlos Dominguez, a.k.a. Daniel Garcia, a.k.a. Jimmy Mejia, a.k.a. Oscar Orlando Mejia, a.k.a. Jimmy Mejia-Lopez, a.k.a. Sergio Camacho Palacious, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted August 16, 2016**

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

_____

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Camillo Andres Ruiz-Diaz appeals from the district court's judgment and challenges his guilty-plea conviction and 71-month sentence for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Ruiz-Diaz's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We treat Ruiz-Diaz's application to file a second or successive 28 U.S.C. § 2255 motion, filed in case number 16-72188, as a pro se supplemental brief. The Clerk shall file a copy of that application in this appeal. No answering brief has been filed.

Ruiz-Diaz waived his right to appeal his conviction, with the exception of an appeal based on a claim that his plea was involuntary. He also waived the right to appeal his sentence, with the exception of the court's calculation of his criminal history category. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief as to the voluntariness of Ruiz-Diaz's plea or the criminal history category calculated by the court. We therefore affirm as to those issues.

We dismiss the remainder of the appeal in light of the valid appeal waiver. Contrary to Ruiz-Diaz's contention, his sentence was not unconstitutionally enhanced under *Johnson v. United States,* 135 S. Ct. 2551 (2015). The 16-level

enhancement to Ruiz-Diaz's base offense level was triggered by his California Penal Code section 273.5(a) conviction, which qualifies as a categorical "crime of violence" because it "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii); *United States v. Ayala-Nicanor*, 659 F.3d 744, 748 (9th Cir. 2011). Because the enhancement was not predicated on a residual clause like the one struck down in *Johnson*, there is no arguable issue as to whether Ruiz-Diaz's sentence is illegal. We, therefore, enforce the appeal waiver. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

Counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; DISMISSED in part.**